FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 30 2017

JEFFREY P. COLWELL
CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action Number: _____ **'17 - CV - 02595**
(To be supplied by the court)

CHESTER LEE RENEAU

        Plaintiff,                                        JURY TRIAL DEMANDED

v.

MARY CARDINAS, in her individual capacity,
JUDY BRIZENDINE, in her individual and official capacity
DOCTOR LOUIS CABILING, in his individual and official capacity,
EXECUTIVE DIRECTOR RICK RAEMISCH, in his individual and official capacity,
 Defendants.

---

## PRISONER COMPLAINT

---

## A. PARTIES

1. Plaintiff, Chester Lee Reneau, #156770, Crowley County Correctional Facility, 6564 State Highway 96, Olney Springs, CO 81062.

2. Defendant Mary Cardinas, nurse, last known work address, Crowley County Correctional Facility, 6564 State Highway 96, Olney Springs, CO 81062.

        At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law?   X Yes _____ No (CHECK ONE).  Briefly explain your answer:

    At all times relevant to this action Defendant Cardinas was a nurse in the medical clinic at Crowley County Correctional Facility responsible for providing emergency medical treatment to Plaintiff. Defendant Cardinas is being sued for compensatory damages in her individual capacity.

3. Defendant Judy Brizendine, Health Service Administrator, work address, Crowley County Correctional Facility, 6564 State Highway 96, Olney Springs, CO 81062.

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law?   X Yes _____ No (CHECK ONE).  Briefly explain your answer:

At all times relevant to this action Defendant Brizendine was responsible for training the medical provider's at Crowley County Correctional Facility and making sure that they provide proper emergency and non-emergency medical care to the prisoner's. Defendant Brizendine is being sued for compensatory damages in her individual capacity and injunctive relief in her official capacity.

4.  Defendant Louis Cabiling, Doctor, work address, Crowley County Correctional Facility, 6564 State Highway 96, Olney Springs, CO   81062.

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law?   X Yes _____ No (CHECK ONE).  Briefly explain your answer:

At all times relevant to this action Defendant Cabiling was the plaintiff's main medical provider responsible for deciding whether or not to have Plaintiff's leg reset and deciding whether or not to have Plaintiff's rotator cuff fixed. Defendant Cabiling is being sued for compensatory damages in his individual capacity and injunctive relief in his official capacity.

5.  Defendant Rick Raemisch, Executive Director of the Colorado Department of Corrections, work address, Colorado Department of Corrections, 1250 Academy Park Loop, Colorado Springs, CO   80910.

At all times relevant to this action Defendant Raemisch was the Executive Director of the Colorado Department of Corrections. It is his responsibility to make sure that every prisoner in the State of Colorado is provided with proper medical care and that all of the health care providers at every prison in the State of Colorado are trained to do their jobs properly. Defendant Raemisch is being sued for compensatory damages in his individual capacity and injunctive relief in his official capacity.

## B. JURISDICTION

1. I assert jurisdiction over my civil rights claim(s) pursuant to :  (check one if applicable)

X 28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)  (federal prisoners)

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case.  If more space is needed to describe the nature of the case, use extra paper to complete this section.  The additional allegations regarding the nature of the case should be labeled "C.  NATURE OF THE CASE."

1. On March 8, 2017 Plaintiff awoke at approximately 6:25 a.m. And attempted to climb out of his top bunk bed.

2. As the ladders to the beds have real slippery surfaces, while climbing down the ladder to his bed, the plaintiff's sock slipped off of the ladder causing Plaintiff to fall.

3. Since the table and sitting bench in the plaintiff's cell are bolted into the wall right in front of the ladders to the beds.

4. Plaintiff landed on the table and sitting bench in his cell when he slipped and fell off of the ladder to his bed.

5. As a result of this fall Plaintiff fractured his left fibula, which is the lower leg, and tore his left rotator cuff, which, is a shoulder muscle.

6. Plaintiff then went to the medical clinic at Crowley County Correctional Facility in an attempt to receive emergency medical treatment. When Defendant Cardinas asked the plaintiff what he wanted her to examine.

7. Plaintiff told her that he would like for her to examine his left leg, left shoulder and right wrist. This is because Plaintiff's leg, shoulder and wrist were severely bruised at this time, as a result of the plaintiff falling from his ladder.

8. Defendant Cardinas refused to examine Plaintiff's right wrist, left leg and left shoulder, and ordered the plaintiff out of the medical clinic. See Plaintiff's Exhibit 1.

9. This proves that Plaintiff went to the medical clinic seeking emergency medical treatment after falling from the ladder to his bed.

10. But, there are no records showing that the plaintiff received medical treatment for anything on that day because Defendant Cardinas refused to examine Plaintiff's leg, shoulder and wrist like the plaintiff asked her too.

11. As a result of Defendant Cardinas refusing to provide Plaintiff with emergency medical treatment on March 8, 2017  he did not receive x-rays for his left leg and left shoulder until March 15, 2017.

12. These x-rays , which were not read until March 17, 2017 revealed that the plaintiff had an acute fracture in his left fibula, which was not placed in a cast until March 20, 2017. See Pl. Ex. 2.

13. That was twelve days after Plaintiff's leg was fractured. And, when Defendant Cabiling was placing the cast on Plaintiff's leg, the plaintiff requested that Defendant Cabiling arrange for Plaintiff's leg to be reset.

14. And, since x-ray does not reveal rotator cuff damage and an MRI is necessary to reveal rotator cuff damage. Plaintiff asked Defendant Cabiling to arrange for an MRI to be done on the plaintiff's left rotator cuff when Defendant Cabiling was putting the cast on Plaintiff's leg.

15. Defendant Cabiling then told Plaintiff that nothing was wrong with the plaintiff's left shoulder and that Defendant Cabiling was going to wait a few weeks to decide whether or not to have Plaintiff's left fibula reset.

16. Defendant Cabiling never did have the plaintiff's left fibula reset, and all that Defendant Cabiling has done for Plaintiff's left rotator cuff is give the plaintiff a cortisone shot.

17. When Health Service Administrator, Defendant Brizendine was giving Plaintiff back her response to the plaintiff's Step 2 Grievance, Plaintiff asked her to have Defendant Cabiling to arrange for an MRI to be done on Plaintiff's left rotator cuff and to have the plaintiff's left fibula reset.

18. Defendant Brizendine refuses to have Defendant Cabiling arrange to have an MRI done on the plaintiff's left rotator cuff or have Plaintiff's fractured left fibula reset.

19. On June 6, 2017 Plaintiff wrote Defendant Raemisch a letter asking him to have Defendant Cabiling arrange for Plaintiff's left fibula to be reset and the plaintiff's torn left rotator cuff to be fixed. See Pl. Ex. 6.

20. Due to his deliberate indifference to Plaintiff's pain and suffering, Defendant Raemisch has done nothing to arrange for Plaintiff's fractured left fibula to be reset or to have the plaintiff's torn left rotator cuff fixed.

## D.  CAUSE OF ACTION

State concisely every claim that you wish to assert in this action.  For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim.  You do not need to cite specific cases to support your claim(s).  If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s).  The additional pages regarding the cause of action should be labeled "D.  CAUSE OF ACTION."

1.  Claim One:   DEFENDANT'S VIOLATED PLAINTIFF'S EIGHTH
                 AMENDMENT RIGHTS

Supporting Facts:

### DEFENDANT MARY CARDINAS

On March 8, 2017 Plaintiff went to the medical clinic at Crowley County Correctional Facility seeking emergency medical treatment after he slipped off of the ladder to his bed. Plaintiff's left shin, left shoulder and right wrist were severely bruised and causing the plaintiff excruciating pain as a result of the fall from the ladder to his bed.

So, when Defendant Cardinas asked the plaintiff what he wanted her to examine, Plaintiff, told her that he would like for her to examine his left leg, his left shoulder and his right wrist. Defendant Cardinas then told the plaintiff, "it's not going to work that way." Plaintiff then told Defendant Cardinas, "oh yes it is going to work that way, or I am going to walk out of here and file a §1983 against you." Defendant Cardinas then told the security officer in the medical clinic, "you can send this prisoner back to his living unit; he's being uncooperative."

Defendant Cardinas was trying to make Plaintiff choose between having his left leg or his left shoulder examined, but since both injuries came from the same accident Defendant Cardinas had a duty to examine both, the plaintiff's left leg and left shoulder. And, since the plaintiff tried to get Defendant Cardinas to do her job right and examine both, Plaintiff's left leg and left shoulder at the same time.

Defendant Cardinas falsely accused Plaintiff of being uncooperative and refused to examine and treat Plaintiff's left fibula or his torn left rotator cuff. The fact that Defendant Cardinas saw bruises and swelling on Plaintiff's right wrist, left leg and left shoulder gave her subjective knowledge of the fact that Plaintiff had sustained some kind of injury to his left leg, left shoulder and right wrist.

Defendant Cardinas' failure to examine and treat these injuries prolonged Plaintiff's pain and suffering, exposing the plaintiff to the "unnecessary and wanton" infliction of pain in violation of

the Eighth Amendment to the U.S. Constitution. And, Defendant Cardinas' failure to provide Plaintiff with emergency medical treatment for his fractured left fibula and his torn left rotator cuff, both, of which cause substantial pain. Constitutes deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment to the U.S. Constitution.

## DEFENDANT JUDY BRIZENDINE

On March 28, 2017 Plaintiff filed a Step 1 Grievance requesting that Defendant Cabiling arrange to have the plaintiff's left fibula reset and an MRI done to examine Plaintiff's left rotator cuff for damage. This Step 1 Grievance was denied. On April 13, 2017 the plaintiff filed his Step 2 Grievance in this Matter. On April 17, 2017 Defendant Brizendine denied Plaintiff's Step 2 Grievance. See Pl. Ex. 5.

As the Health Service Administrator at Crowley County Correctional Facility, if, Defendant Cabiling is not providing Plaintiff with adequate medical treatment. It is Defendant Brizendine's duty to make Defendant Cabiling provide Plaintiff with adequate medical treatment or fire Defendant Cabiling from his job.

As a result of Plaintiff's left fibula not being reset it constantly causes the plaintiff chronic substantial pain. And, as a result of Plaintiff's torn left rotator cuff not being fixed, it also causes the plaintiff to experience substantial chronic pain.

And, by denying Plaintiff's Step 2 Grievance and failing to perform her duty to instruct Defendant Cabiling to properly treat the injuries which cause the plaintiff to experience substantial chronic pain. Defendant Brizendine acts with deliberate indifference to Plaintiff's serious medical needs, and personally participates in exposing the plaintiff to the "unnecessary and wanton" infliction of pain in violation of the Eighth Amendment to the U.S. Constitution..

## DEFENDANT LOUIS CABILING

On March 20, 2017 when Defendant Cabiling was putting the cast on the plaintiff's left leg, Plaintiff asked Defendant Cabiling to arrange for Plaintiff's left fibula to be reset and to have the plaintiff's left rotator cuff examined for damage by MRI.

Defendant Cabiling refuses to have Plaintiff's left fibula reset or to have the plaintiff's torn left rotator cuff examined for damage by MRI. By not having Plaintiff's fractured left fibula reset and the plaintiff's torn left rotator cuff examined for damage by MRI, Defendant Cabiling fails to properly treat injuries which, cause the plaintiff substantial chronic pain.

Defendant Cabiling's failure to respond reasonably to injuries that cause the plaintiff to experience substantial chronic pain is a failure to respond reasonably to Plaintiff's serious medical needs by Defendant Cabiling. Defendant Cabiling's failure to respond reasonably to the plaintiff's serious medical needs constitutes deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment to the U.S. Constitution.

And, by failing to treat injuries which, cause the plaintiff to experience substantial chronic pain, Defendant Cabiling exposes Plaintiff to the "unnecessary and wanton" infliction of pain in violation of the plaintiff's rights under the Eighth Amendment to the U.S. Constitution.

## DEFENDANT RICK RAEMISCH

On June 6, 2017 Plaintiff sent Defendant Raemisch a letter informing Defendant Raemisch that Defendant Cabiling was denying the plaintiff proper medical treatment for Plaintiff's fractured left fibula and torn left rotator cuff. In this letter Plaintiff requested that Defendant Raemisch have Defendant Cabiling arrange for Plaintiff's left fibula to be reset and to have the plaintiff's torn left rotator cuff fixed. See Pl. Ex. 3.

But, Defendant Raemisch refuses to have Defendant Cabiling arrange for Plaintiff's torn left rotator cuff to be fixed and for the plaintiff's fractured left fibula to be reset. As the executive director of the Colorado Department of Corrections it is Defendant Raemisch's responsibility to make sure that the medical care provider's at every prison in the state of Colorado provide Plaintiff and every prisoner in the state of Colorado with proper, professionally prudent medical treatment.

By not having Defendant Cabiling arrange to have the plaintiff's left fibula reset and to have Plaintiff's torn left rotator cuff fixed. Defendant Raemisch acts with deliberate indifference to injuries which cause the plaintiff substantial chronic pain, which, constitutes deliberate indifference to the plaintiff's serious medical needs in violation of the Eighth Amendment.

Thereby, Defendant Raemisch personally participates in exposing Plaintiff to the "unnecessary and wanton" infliction of pain in violation of the Eighth Amendment to the U.S. Constitution.

## CAUSATION AND INJURY

As a direct result of Defendant Cardinas, Defendant Brizendine, Defendant Cabiling and Defendant Raemisch refusing to arrange for Plaintiff's torn left rotator cuff to be fixed and the plaintiff's left fibula to be reset, Plaintiff has been damaged in the following particulars:

(1) past, present, and future non-economic damages consisting of physical and mental pain and suffering.
(2) Plaintiff has lost the ability to jog or do exercises to strengthen his legs;
(3) Plaintiff has lost the ability to lift weights or do exercises to strengthen his arms;
(4) and Plaintiff has lost the ability to perform work tasks essential to seek gainful employment upon his release from prison.

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ____ Yes ____ No  (CHECK ONE).  If your answer is "YES," complete this section of the form.  If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit.  The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit:

   Sasha Mahoney, Maurice Fauvel, Helene Christner, Jamie Soucie and Jennifer Mix.

2. Docket number and court name:

   United States District Court, District of Colorado. I cannot remember the docket number for the action against Mahoney, but the other docket number was 16-cv-00039-MJW-MSK

3. Claims raised in prior lawsuit:

   Fourth and Fourteenth Amendment violations against Mahoney. And Eighth Amendment violations against Fauvel, Christner, Soucie and Mix.

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending?  Was it dismissed?):

   Both cases were dismissed. I never received any paperwork from the U.S. District Court explaining why case no. 16-cv-00039-MJW-MSK was dismissed.

5. If the prior lawsuit was dismissed, when was it dismissed and why?

   Do not know.

6. Result(s) of any appeal in the prior lawsuit:

## F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?

   X Yes ____ No  (CHECK ONE).

2. Did you exhaust available administrative remedies?

   X Yes _____ No (CHECK ONE).   Marked as Plaintiff's Exhibit's 3,4 and 5

## G.  REQUEST FOR RELIEF

State the relief you are requesting.  If you need more space to complete this section, use extra paper.  The additional requests for relief should be labeled "G.  REQUEST FOR RELIEF."

WHEREFORE, the plaintiff requests that this Honorable Court grant the following relief:

1. Issue a declaratory judgment stating that the deliberate indifference to Plaintiff's serious medical needs by Defendant's Cardinas, Brizendine, Cabiling and Raemisch. And, their intentionally exposing Plaintiff to the "unnecessry and wanton" infliction of pain violates Plaintiff's rights under the Eighth Amendment to the United States Constitution.

2. Award compensatory damages in the following amounts:
   (a) Three- hundred thousand dollars ($300,000.00) against Defendant Cardinas;
   (b) Three- hundred thousand dollars ($300,000.00) against Defendant Brizendine;
   (c) Three- hundred thousand dollars ($300,000.00) against Defendant Cabiling and;
   (d) Three-hundred thousand dollars ($300,000.00) against Defendant Raemisch.

3. Issue an injunction ordering Defendant Brizendine, Defendant Cabiling and Defendant Raemisch to arrange for Plaintiff's left fibula to be reset and for Plaintiff's torn left rotator cuff to be examined by a qualified physician as soon as possible.

# DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. **See** 28 U.S.C. § 1746; 18 U.S.C. § 1621.


Executed on   October 25, 2017

(Date)




(Prisoner's Original Signature)

# REQUEST FC   SICK CALL

NAME: Chester Reneau NUMBER: 156770

DATE: 6-30-17 Living Unit: 7B117

WORK ASSIGNMENT: Unassigned

Offender needs to be seen by: (CHECK ONLY ONE)

____ Physician Assistant/Nurse Practitioner

____ Dentist *you are documented on the official sign-in*

____ Nurse *log on that date and time.*

____ Mental Health

*Cippelluci, NN*

_____ Self Medication: Refill Name: 7/3/17

Prescription Number: _____

_X_ Other: HSA Judy Brizendine

Explain your need for request: Will you please send me verification that I signed the Clinic sign-in log sheet at 814am on 3-8-17 Thank you

Offender's request was received at Dispensary:

Date: JUL 1 2017 By: _____

Action Taken: _____

EXHIBIT 1

Report: RENEAU, CHESTER - RAD NUMBER: 156770 - CLINIC: Schryver Medical CO COS - EXAM DATE: 2017-03-17 - CLINICIAN: !New/Details in Comments



## SCHRYVER MEDICAL, LLC

a TridentUSA HEALTH SERVICES company

**800-638-3240**

**Radiology Interpretation**

**PATIENT NAME:** CHESTER RENEAU
**DATE OF BIRTH:** 07/13/1971
**ID/MRN:** 156770
**PHYSICIAN:** !New/Details in Comments
**FACILITY:** CROWLEY CORRECTIONAL FAC, CO
**DATE OF SERVICE:** 03/15/2017 09:26:39
**HISTORY:** Chronic Pain - CHRONIC PAIN DONE BY SLD 156770 - 2

# SIGNIFICANT FINDINGS

**SHOULDER LT 2V:**
Findings: Views of the shoulder with internal and external rotation demonstrate no fracture, dislocation, or subluxation. The glenohumeral joint and the acromioclavicular joint articulate normally. All cortical margins are intact, and the soft tissue planes are normal.

**IMPRESSION:**
**Negative left shoulder.**

**TIB FIB LT 2V:**
Findings: 2 views of the tibia and fibula demonstrate a mid fibular acute transverse fracture. The tibia is entirely intact. Bone density is normal and uniform. Both the ankle joint and the knee joint articulate normally. Soft tissues are swollen around the injury without radiopaque foreign bodies.

**IMPRESSION:**
**Acute mid fibular fracture.**

**Electronically Signed By:** Dr. Anne Glaser M.D. 03/17/2017 6:31:08 MDT

Dr. Glaser notified Rapid Radiology System of significant findings. Rapid Radiology System notified Sandra Bradshaw (888-418-9555) at Schryver Medical CO COS of significant findings. Sandra Bradshaw notified NURSE MATHEWS (719-267-3548) at CROWLEY CORRECTIONAL FAC at 2017-03-17 8:33:38.

This transmission is proprietary, privileged and confidential. It is intended to be communication only for the use of the addressee; access to this message by anyone else is unauthorized. If you are not the intended recipient and have received this communication in error, please notify us immediately. Any other action taken, including but not limited to the disclosure, copying or distribution of this communication is prohibited by law.



DC Form 850-04B (03/15/15)

## Colorado Department of Corrections Offender Grievance Form

**Offender Must Complete**

Name: Chester Reneau          Doc #: 156770

Grievance number (complete for Steps 2 and 3, only):

**Instructions:**
1. Fill out identifying data in space provided. (Must be legible.)
2. Clearly state basis for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.

**Subject of Grievance and Requested Meaningful Remedy:**

I am grieving nurse RN Mary for not examining both
My left leg and My left shoulder at the same time
on 3-8-17 since both injuries occured from the same
event. I am also grieving Dr. Cabiling for not having My
left leg reset and for not doing anything to see if
My left rotater cuff is damaged. It is shit like this
that proves that the United States has the most
cowardly, corrupt prison doctors in North America if not
the whole world. My proposed remedy is that Dr. Cabiling
arrange to have My left fibula reset and My left sh
rotater cuff examined for damage.

Offender Signature: Chester L. Reneau          Date: 3-28-17
*By signing this form the offender recognizes and waives confidentiality on records necessary to
address this grievance

| Case Manager/CPO Must Complete | Facility/Unit/Pod/Parole Office/Community Corrections Center: | Step (Circle one)  ① 2 3 |
|---|---|---|

Signature:
Print Name and DOC Employee Id #:
R. SHURIE   1136056          Date received: 3-29-17

Attachment "B"
Page 1 of 1

---

**TO BE COMPLETED BY GRIEVANCE COORDINATOR**

RECEIPT: I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

Date 03/30/2017     Grievance Coordinator & ID #   FERNANDEZ, CHELSEA

**RESPONSE**

You were seen by the provider on 3-20-17. At that time he casted your left fibula and ordered a follow up x-ray to be done two weeks following that date. In that note he also documented a negative left shoulder x-ray. He also ordered a follow up appointment for an injection in your left shoulder. Please be patient as you will receive a pass for your appointment. Thank you.

**TO BE COMPLETED BY RESPONDER**

Date 03/30/2017     Responder Name & ID #  CAPPELLUCCI, CHRISTIANNA (19478)     Response Date  03/31/2017

Disposition          Not exhausted

**TO BE COMPLETED BY OFFENDER**

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

Offender Name  RENEAU, CHESTER          DOCNO 156770     Grievance # C-CL16/17-00109169-1

Date:  4-11-17     Offender Signature: Chester L. Reneau          Copies: Administrative Head, Offender
Original: Department file/AIC


EXHIBIT

DC Form 850-04B (03/15/15)

## Colorado Department of Corrections Offender Grievance Form

| Offender Must Complete | Doc #: 156770 |
|---|---|

Name: Chester Reneau

Grievance number (complete for Steps 2 and 3, only): C-CL16/17-00109169-2

**Instructions:**
1. Fill out identifying data in space provided. (Must be legible.)
2. Clearly state basis for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.

**Subject of Grievance and Requested Meaningful Remedy:**

I am grieving RN Mary for not examining both my left leg and my left shoulder at the same time. On 3-8-17 since both injuries occured at the same time from the same event. I am also grieving Dr. Cabiling for not having my left leg reset and for not doing an MRI to see if my left rotater cuff is damaged. It is shit like this that proves that the United States has the most cowardly, corrupt prison doctors in North America if not the whole world. My proposed Remedy is that Dr. Cabiling arrange to have my left fibula reset and my left rotater cuff examined for damage by MRI.

Offender Signature: Chester L. Reneau                    Date: 4-13-17

*By signing this form the offender recognizes and waives confidentiality on records necessary to address this grievance

| Case Manager/CPO Must Complete | Facility/Unit/Pod/Parole Office/Community Corrections Center: | Step (Circle one)  1  ② 3 |
|---|---|---|

Signature: [signature]

Print Name and DOC Employee Id #: Chelsea Fernandez 07 (305781)    Date received: 4/17/17

Attachment "B"
Page 1 of 1

---

## TO BE COMPLETED BY GRIEVANCE COORDINATOR

RECEIPT: I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

| Date | 04/17/2017 | Grievance Coordinator & ID # | FERNANDEZ, CHELSEA |
|---|---|---|---|

## RESPONSE

Per AR 850-04 you cannot grieve CDOC employees or contract workers. I have reviewed your file and see that you have been evaluated appropriately. You received injections and an x-ray on April 12th. You are scheduled, for a follow up, with Dr. Cabiling. ifyou are having worsened symptoms you can declare an emergency at any time.

## TO BE COMPLETED BY RESPONDER

| Date | 04/17/2017 | Responder Name & ID # | BRIZENDINE, JUDY | Response Date | 04/17/2017 |
|---|---|---|---|---|---|

| Disposition | | **Denied** | |
|---|---|---|---|

## TO BE COMPLETED BY OFFENDER

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| Offender Name | RENEAU, CHESTER | | DOCNO | 156770 | Grievance # | C-CL16/17-00109169-2 |
|---|---|---|---|---|---|---|

Date: 4-27-17    Offender Signature: Chester L. Reneau

Copies: Administrative Head, Offender

Original: Department file/AIC


EXHIBIT

DC Form 850-04B (03/15/15)

# Colorado Department of Corrections Offender Grievance Form

**Offender Must Complete**

Name: Chester Reneau     Doc #: 156770

Grievance number (complete for Steps 2 and 3. only): C-CL 16/17-00109169-3

Instructions:
1. Fill out identifying data in space provided. (Must be legible.)
2. Clearly state basis for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.

**Subject of Grievance and Requested Meaningful Remedy:**

I am grieving RN Mary for not examining both my left leg and my left shoulder at the same time on 3-8-17 since both injuries occured at the same time from the same event. I am also grieving Dr. Cabiling for not having my left leg reset and for not doing an MRI to see if my left rotater cuff is damaged. It is shit like this that proves that the United States has the most cowardly, corrupt prison doctors in North America if not the whole world. My proposed remedy is that Dr. Cabiling arrange to have my left fibula reset and my left rotater cuff examined for damage by MRI since x-ray's do not show damaged rotater cuffs.

Offender Signature: Chester L. Reneau     Date: 4-27-17

*By signing this form the offender recognizes and waives confidentiality on records necessary to address this grievance

| Case Manager/CPO Must Complete | Facility/Unit/Pod/Parole Office/Community Corrections Center: | Step (Circle one) 1  2  ③ |
|---|---|---|

Signature:

Print Name and DOC Employee Id #: Marmolejo 602323   Date received: 5/1/17

Attachment "B"
Page 1 of 1

**TO BE COMPLETED BY GRIEVANCE COORDINATOR**

RECEIPT: I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

| Date | 05/01/2017 | Grievance Coordinator & ID # | MARMOLEJO, HOPE |

**RESPONSE**

See attached response.

**TO BE COMPLETED BY RESPONDER**

| Date | 05/25/2017 | Responder Name & ID # | DECESARO, ANTHONY (10983) | Response Date | 05/25/2017 |

| Disposition | **Denied** |

**TO BE COMPLETED BY OFFENDER**

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| Offender Name | RENEAU, CHESTER | DOCNO | 156770 | Grievance # | C-CL16/17-00109169-3 |

Date: 5-30-17   Offender Signature: Chester L. Reneau

Original: Department file/AIC     Copies: Administrative Head, Offender



EXHIBIT



**COLORADO**
Department of Corrections

Office of Step 3 Grievance Officer
1250 Academy Park Loop, Suite 1400
Colorado Springs, CO 80910
P 719-226-4238

Step 3 Grievance Officer

May 25, 2017

RE: Grievance #C-CL16/17-00109169-3

Dear Mr. Chester Reneau #156770:

I have reviewed your Step 3 grievance that you filed with regard to medical.

In review of this matter I find that you have been medically evaluated by providers at CCCF. I cannot second guess the medical, professional opinion of those providers regarding your diagnosis and treatment, as I am not a medical professional. Your treatment appears to be adequate and appropriate for your condition. Recommendations by specialists are just that, recommendations, which do not necessarily have to be followed by DOC medical. You may however request a private physician appointment at your expense, if approved, per AR 700-21. I do not find that DOC was or is deliberately indifferent to your medical condition and therefore I cannot recommend any relief in this matter.

It is your burden to prove your allegations stated in your Step 3 grievance. I have reviewed the facts of this case and determined that you did not meet this burden. There was no corroborating evidence to provide proof of your allegations.

Your request for relief is denied. This is the final administrative response in this matter and you have exhausted your administrative remedies.

Sincerely,

Anthony A. DeCesaro
Grievance Officer

Cc:  working file
      grievance file

John W. Hickenlooper, Governor  |  Rick Raemisch, Executive Director



Dear Mr. Raemisch

I am writing to inform you that on March 8, 2017 while climbing out of my top bunk to get ready for breakfast my sock slipped off of the ladder and I landed on the steel table and sitting bench that is attached to the wall. As a result my left leg was broke and my left rotater cuff was torn. All that the medical provider did here was put a cast on my left leg, and give me a cortisone shot for my left rotater cuff.

Since he did not have my left leg reset or my left rotater cuff fixed, my left leg and rotater cuff still cause me excruciating pain. I asked him to arrange to have my left rotater cuff and my left leg reset but he refuses. So I am asking you to have Dr. Louis Cabiling arrange for me to have my left leg reset and my left leg rotater cuff fixed. I would greatly appreciate your assistance with this matter.

Sincerely,
Chester L. Reneau

EXHIBIT 6