IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02595-PAB-SKC

CHESTER LEE RENEAU,

    Plaintiff,

v.

MARY CARDINAS,
JUDY BRIZEINDINE, and
DOCTOR LOUIS CABILING,

    Defendants.

---

ORDER DENYING MOTION TO RECUSE MAGISTRATE [JUDGE] [#160]

---

    This matter is before the Court on Plaintiff's Motion to Recuse the Magistrate Judge [#160]. Plaintiff, proceeding *pro se*, requests the undersigned's recusal from this case.

    Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson,* 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although a court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden

"to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, a court is not required to accept the factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). "There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman*, 831 F.2d at 939. The statute does not afford litigants a "veto power over sitting judges," nor is it a "vehicle for obtaining a judge of [one's] choice." *Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000) (citation omitted). In support of his Motion, Plaintiff argues generally that the Court is biased against him because of its order denying him an extension of time that the Court found was based solely on conjecture, and he believes the Court accused him of making false statements. [*See* #160 at p. 2.] Plaintiff's Motion for Extension of Time [#157] sought additional time to file his reply brief based on the expedited briefing schedule set by the Court. [*See* #157.] Plaintiff filed that motion well in advance of his reply deadline, and before he received Defendant's Response [#156] in the mail. The Order at issue reads:

> The Motion is DENIED for lack of good cause shown. Plaintiff's Motion is supported by what amounts to conjecture. Accordingly, the Motion is DENIED. While the Court does not take this opportunity to opine on the veracity of Plaintiff's speculations in his Motion, it advises Plaintiff that such speculative briefing is not persuasive to this Court. As such, he should refrain from supporting future filings with unsubstantiated allegations. Factual allegations carry much more weight with this Court.
>
> Despite the above, the Court has reconsidered its Minute Order Setting Expedited Briefing [#153], *sua sponte*, and MODIFIES the Minute Order as follows: Plaintiff shall have until 5/7/2020 to file his Reply.

[#159.] The Court declined an opportunity to determine the veracity of Plaintiff's assertions and provided guidance to Plaintiff for further pleadings requiring good cause. Indeed, the Court effectively granted Plaintiff's request and extended his deadline by modifying its prior order *sua sponte*. [#159.]

Plaintiff has not demonstrated a basis for recusal. Plaintiff has not submitted a timely and sufficient affidavit of personal bias and prejudice, as § 144 requires.[1] "[B]aseless personal attacks on or suits against the judge by a party" do not mandate recusal in a case in which the judge is not a party. *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). Furthermore, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The thrust of Plaintiff's motion is that the Court ruled against him, which is not a valid basis for the Court's recusal. *See Winslow v. Lehr*, 641 F. Supp. 1237, 1241 (D. Colo. 1986) ("[T]he fact that a judge has previously rendered a decision against a party is not sufficient to show bias or prejudice."); *see also Kennedy v. Meacham*, 540 F.2d 1057, 1060 (10th Cir.

---

[1] Notwithstanding his status as a *pro se* prisoner, the Court finds no authority exempting Plaintiff from the rule that the procedural requirements of § 144 are strictly construed. *See United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982).

3

1976) (holding that "averments of delays or omissions by the Judge [do not] show grounds for him to recuse"). Thus, the Court finds that there is no basis to recuse itself under either § 144 or § 455 from this case.

    Thus, IT IS ORDERED that Plaintiff's Motion is DENIED.

DATED: May 14, 2020.

                              BY THE COURT:

                              _____
                              S. Kato Crews
                              U.S. Magistrate Judge